**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *<br>**Plaintiff** *<br>*<br>v. *      **CRIMINAL NO. 99-295 (DRD)**<br>*<br>**[4] MICHELLE RODRIGUEZ-MATOS** *<br>**Defendant** *<br>_____ * | |

**ORDER**

      Pending before the Court is the *Defendant Michelle Rodriguez-Matos Motion to Join Motion to Dismiss Count IV of the Indictment Filed by David Vega-Molina* (Docket No. 527). Co-defendant Rodriguez-Matos aver that she is in the same legal position as co-defendant Vega-Molina as to Count IV in the *Ex Post Facto* Claims and for such reasons moves the Court to allow to join the latter motions to dismiss Count IV of the Indictment.

      The facts of the case are very well known as described in United States v. Vega-Molina, et al., 407 F.3d 511 (1st Cir. 2005). Co-defendant Rodriguez Matos was convicted of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. §1951 (Hobbs Act), and of conspiracy to take a hostage, in violation of 18 U.S.C. §1203(a). After conviction, an appeal to the Court of Appeals for the First Circuit was taken wherein the conviction on Count 4 was affirmed but the sentences were vacated and remanded for resentencing subject to the statutory maximum set forth in 18 U.S.C. §371. The Court of Appeals rejected co-defendant Rodriguez-Matos argument that Count 4 as charged transgressed the ex post facto clause because Count IV based on 28 U.S.C. §1203(a), as charged, was enacted after the offense charged took place. The Court of Appeals ruled that co-defendant Rodriguez-Matos had failed to raise the ex post facto issue before the trial court but deemed that the sentence on said count should reflect the five year statutory maximum under 18 U.S.C. §371. However, as to co-defendant Vega-Molina, the First Circuit Court reversed the convictions on Count 4 and 5 and ordered a new trial basically because an omission of an instruction hence co-defendant Vega-Molina substantial rights were affected. Evidently, co-defendant Rodriguez-Matos is not in the same legal position as co-defendant Vega-Molina.

      In its relevant parts, the First Circuit Court's Opinion stated the following:

> The short of it is that, in practical effect, the amendment adding the language "or conspires" to section 1203, *see supra* note 4, did not create a new offense; it merely increased the potential penalty for a preexisting crime. Thus, **leaving the conviction intact but trimming back the penalty comports with the core purpose of the *Ex Post Facto* Clause. After all, there is ample case law to support the proposition that when a defendant is**

> **sentenced under a penalty provision that did not exist at the time of the offense, the proper remedy is not to reverse the conviction, but, rather, to remand for resentencing under the preexisting penalty provision**. *See* Miller v. Florida, 482 U.S. 423, 435-36 (1987); United States v. Vazquez-Rivera, 135 F.3d 172, 177 (1st Cir.1998). **We find this parallel persuasive and, thus, decline the appellants' invitation to throw out the baby with the bath water. In reaching this decision, we are mindful of the fact that none of the appellants raised the *ex post facto* issue in the trial court. Had they done so, the government could have moved to amend the indictment either to charge a section 371 conspiracy or to charge a direct violation of section 1203.** The appellants' inattentiveness should not redound to their benefit. United States v. Taylor, 54 F.3d 967, 972 (1st Cir.1995)(observing that "the law ministers to the vigilant, not to those who sleep upon perceptible rights"). **To sum up, we reject the appellants' ex post facto challenge to their convictions on count 4, with the proviso that their sentences on that count must be refashioned to reflect the five-year statutory maximum contained in 18 U.S.C. § 371.**

United States v. Vega-Molina, et al., 407 F.3d at 526. (Emphasis ours.)

Evidently, co-defendant Rodriguez-Matos' request has been addressed previously by the First Circuit Court, the scenario portrayed in the co-defendant's motion to join the request for dismissal was considered and clearly rejected.

Therefore, for the reasons stated herein, the Court **DENIES** defendant Michelle Rodriguez-Matos' motion to dismiss (Docket No. 527).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 15th day of November 2005.

*S/ DANIEL R. DOMINGUEZ*
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**